UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

---------------------------------------------------------------X

WALTER KING,

                    Plaintiff,

-against-

NEW YORK CITY; THE COMMISSIONER
OF THE NYC POLICE DEPARTMENT;
THE COMMISSIONER OF THE NYC
DEPARTMENT OF SOCIAL SERVICES;
MICHAEL FIELDS,

                    Defendants.

---------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

06-CV-1444 (ARR)

ROSS, United States District Judge:

On March 27, 2006, plaintiff, appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his civil rights. On April 19, 2006, plaintiff was directed to file an amended complaint within thirty (30) days, detailing the facts underlying his false arrest claim against individual defendants and amending his complaint with regard to his claim against the City of New York to allege facts to demonstrate the existence of a municipal policy that led to his claimed deprivation of a constitutional right.

## BACKGROUND

Plaintiff's original complaint alleged that on September 14, 1996 he was walking with a friend on Ralph Avenue in Brooklyn when he was stopped by police. Compl. ¶ 4. Plaintiff alleged that the police arrested him on suspicion of attempted murder. Id. Plaintiff claimed that he was about to move into a new apartment that day with his son, who was to be released from foster care, and as a result of his arrest he "lost everything [he] had work[ed] towards. [His] son.

[His] apartment ... due to a[n] unreasonable seizure and distention [sic]." Id. Plaintiff seeks $80,000,000 to $90,000,000 in damages and injunctive relief. Id. ¶ 5.

Plaintiff's amended complaint is essentially the same as his original complaint and that of two prior complaints that he filed in this Court. See King v. Commissioner and New York City Police Department, 99-CV-3300 (SJF) and King v. New York City et al., 05-CV-2872 (ARR). Plaintiff's amended complaint in the instant action adds Michael Fields as a defendant, but plaintiff does not describe this defendant's role in his arrest. Plaintiff states in his amended complaint that his "unreasonable seizure and detention" occurred between September 14, 1996 and January 2, 1997. It also appears from the amended complaint that his criminal case was dismissed on September 17, 1997. Plaintiff states: "After having to pay $5,000 bond and $5,000 cash, until September 17, 19977. When the case was won by Walter King." Amend. Compl. at ¶ 4. Plaintiff's amended complaint does not allege facts to demonstrate the existence of a municipal policy that led to his claimed deprivation of a constitutional right.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Complaints filed well after the expiration of the applicable limitations period, where there are no applicable tolling provisions

and no allegations of a continuing injury, may be considered frivolous for the purposes of dismissal under 28 U.S.C. § 1915. See Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) (affirming district court's sua sponte dismissal of 42 U.S.C. § 1983 action under 28 U.S.C. § 1915 on grounds that face of complaint clearly established that the statute of limitations had expired).

## DISCUSSION

Statute of Limitations

As plaintiff was advised in the Court's April 19, 2006 order, claims under § 1983 must be commenced within three years of the alleged violation. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). Under federal law, the statute of limitations begins to run at the time of the illegal act, or when plaintiff knew or should have known of the injury. See Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001); Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). A claim for false arrest accrues either: (1) at the time of the arrest, if evidence obtained as a result of the arrest was not necessary for a conviction; or (2) on the date the criminal proceeding was dismissed. Alvarez v. Doe, No. 03 Civ. 7740, 2004 WL 1874972, at *3 (S.D.N.Y. Aug.13, 2004) (citing Covington v. City of New York, 171 F.3d 117, 119 (2d Cir. 1999). Here, plaintiff states in his amended complaint that his criminal action "was won" by plaintiff on September 17, 1997. Plaintiff filed the instant action on March 27, 2006, well outside the three-year statute of limitations period. Moreover, plaintiff fails to allege that he suffers a continuing injury, nor are any statutory tolling provisions applicable. Thus, plaintiff's claims are barred by the statute of limitations.

## CONCLUSION

Accordingly, the instant complaint filed *in forma pauperis* is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
June 6, 2006